

FILED

**NOT FOR PUBLICATION**

DEC 14 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MOHAMMAD ALI TALAIE, an individual on behalf of themselves and all others similarly situated; ROSA W. TALAIE, an individual on behalf of themselves and all others similarly situated,

Plaintiffs - Appellants,

v.

WELLS FARGO BANK, NA; US BANK NA, National Association as Trustee,

Defendants - Appellees.

No. 13-56314

D.C. No. 2:12-cv-04959-DMG-AGR

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 2, 2015
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and GOULD, Circuit Judges and CHRISTENSEN,*** Chief District Judge.

Plaintiffs Mohammad and Rosa Talaie appeal the district court's dismissal of their putative class action against Wells Fargo Bank and U.S. Bank, alleging claims arising out of the modification of the Talaies' two home loans. We affirm.

Plaintiffs defaulted on their loans in 2009 and sought a loan modification from Wells Fargo. Plaintiffs contend that Wells Fargo found them eligible for a loan modification, but Wells Fargo's response is that its correspondence equivocally states Plaintiffs *may* be eligible if they take certain actions. Wells Fargo advised Plaintiffs that they needed to pay off the amount in arrears on their first loan to be considered for a modification. Wells Fargo eventually denied the requested loan modification on the ground that U.S. Bank, which owned the mortgage, did not approve it. Plaintiffs brought this action, which the district court dismissed.

1.      Plaintiffs first alleged that Defendants violated 15 U.S.C. § 1641(g), a provision of the Truth in Lending Act, by failing to notify Plaintiffs when their loan was transferred from Wells Fargo to U.S. Bank. We reject this claim in an opinion filed jointly with this memorandum disposition. Plaintiffs also contend

---

***      The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

that U.S. Bank had a duty to comply with § 1641(g) in 2012, when Wells Fargo assigned the deed of trust to U.S. Bank via a Corporate Assignment of Deed of Trust. But as the district court correctly noted, the 2012 assignment was only a formality and did not constitute a new transfer of the loan. Under California law, U.S. Bank became the beneficiary under Plaintiffs' deed of trust in 2006, when the loan was transferred, regardless of whether an assignment was ever recorded between Wells Fargo and U.S. Bank. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 518 (2013). Section 1641(g) does not apply to the 2012 Corporate Assignment of Deed of Trust.

2.      Plaintiffs brought cancellation of documents and quiet title claims. To support these claims, a borrower must show that he tendered or offered to tender the amount of the secured indebtedness, or was excused from doing so. *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011). Although there are exceptions to the tender rule, such as where the borrower attacks the validity of the underlying debt, none of those exceptions apply here. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 213 (2010), also does not establish any exception to the tender rule because Plaintiffs did not allege violation of Cal. Civ. Code § 2923.5.

3.      Plaintiffs also alleged fraud based on Wells Fargo's suggestion that paying off the amount in arrears may lead to a loan modification. A fraud claim requires a

3

misrepresentation with knowledge of its falsity and intent to defraud. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). Wells Fargo's statements are not specific and in our view do not seem to have been intended to defraud.

4.      Plaintiffs also alleged violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., which prohibits any "unlawful, unfair, or fraudulent business act or practice." Plaintiffs have not alleged an injury within the meaning of the Unfair Competition Law, and so have not established standing to support a cause of action. The district court properly dismissed these claims.

    **AFFIRMED.**

4